UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAKO WALLY,

Petitioner,

-v-

KENNETH GENALO, et al.,

Respondents.

26-CV-8303 (DEH)

**ORDER**

DALE E. HO, United States District Judge:

Petitioner Tako Wally filed this Petition for Writ of Habeas Corpus on September 23, 2026, seeking, *inter alia*, immediate release from custody and various forms of relief with respect to any potential removal to a country of which she is not a citizen (i.e., a "third country"). Pet., ECF No. 1. She has resided in the United States for at least 13 years. *See id*. Ms. Wally is a citizen of the Gambia. *Id*. In May 2013, an Immigration Judge granted Ms. Wally withholding of removal. *Id.* ¶ 1.

On September 23, 2026, Ms. Wally was detained by Immigration and Customs Enforcement ("ICE") during a routine check-in appointment. *Id.* ¶¶ 1, 2.. Ms. Wally was told that she faces removal to Ghana. *Id.* ¶ 2. As relief, Ms. Wally requests, *inter alia*, her immediate release from detention without conditions of supervised release beyond those she was subject to before her detention on September 23, 2026; the return of her property; an order requiring Respondents to provide written notice to Ms. Wally and her counsel before any third country removal; an order requiring Respondents to provide Ms. Wally with a meaningful opportunity to raise a country-specific claim against removal before any third-country removal, including through the opportunity to present to an Immigration Judge a full application for withholding of removal

and/or CAT protection with respect to that country; and an award of costs and reasonable attorneys' fees. *Id.* at 20-21 (Prayer for Relief).

The Court ordered Respondents to answer some preliminary questions about Ms. Wally's petition by September 24, 2026 at 12:00 pm, and to show cause why Ms. Wally's petition should not be granted by September 28, 2026. *See* ECF No. 4. In their initial response, Respondents took the position that Ms. Wally is detained under 8 U.S.C. § 1231, and attached a copy of Ms. Wally's final removal order. *See* ECF Nos. 9, 9-1. On September 28, 2026, Respondents then filed a "letter of non-opposition to Petitioner's request for immediate release." ECF No. 10. The letter did not mention any of Ms. Wally's other requests for relief.

Respondents' letter of non-opposition makes clear that the Government consents to Ms. Wally's immediate release from detention. Moreover, by entirely failing to address Ms. Wally's other claims, Respondents have waived any arguments in opposition to those additional claims for relief. The Court finds that the additional requested relief, including regarding any removal to a third country, is appropriate. *See, e.g.*, *D.J.R.R. v. Genalo*, No. 26 Civ. 3124, 2026 WL 1746716 (E.D.N.Y. June 16, 2026).

Therefore, in light of Respondents' non-opposition to Petitioner's immediate release from custody, it is hereby **ORDERED** that the Petition is **GRANTED** and that Petitioner be released from custody no later than **5 p.m. on September 29, 2026**, subject to no conditions of supervision beyond those she was subject to prior to her September 23, 2026 detention. Respondents shall consult with Petitioner's counsel to facilitate Petitioner's release in an orderly manner. **Respondents shall certify compliance with this Order with a filing on the docket**.

Furthermore, in light of Respondents' failure to oppose the Petition, Respondents are further **ORDERED** to return Petitioner's property in full; to provide written notice to Petitioner

and her counsel with respect to any third country removal; and to provide Petitioner with a meaningful opportunity to raise a country-specific claim against removal before removal to any third country, including through the opportunity to present a full application for withholding of removal and/or CAT protection with respect to that country to an immigration judge. It is further **ORDERED** that Petitioner is awarded costs and reasonable attorneys' fees.

The conference previously scheduled for October 1, 2026 is cancelled. Counsel for Petitioner may file an application for attorney's fees and costs pursuant to 5 U.S.C. § 504 and 28 U.S.C. § 2412 within the time provided by the Local Rules.

The Clerk of Court is respectfully directed to enter judgment in Petitioner's favor pursuant to F.R.C.P. 58.

SO ORDERED.

Dated: September 29, 2026
New York, New York

DALE E. HO
United States District Judge